___

**SO ORDERED,**

*Neil P. Olack*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: November 30, 2018**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| MATTHEW S. AVERY, | CASE NO. 17-04214-NPO |
| DEBTOR. | CHAPTER 7 |
| BANCORPSOUTH BANK | PLAINTIFF |
| VS. | ADV. PROC. NO. 18-00030-NPO |
| MATTHEW AVERY | DEFENDANT |

## <u>MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

There came on for consideration the Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. 11)[1] filed by BancorpSouth Bank, successor by merger to Ouachita Independent Bank ("BancorpSouth"); and the Memorandum Brief in Support of Motion for Summary Judgment (the "BancorpSouth Brief") (Adv. Dkt. 12) filed by BancorpSouth in the

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ____)".

Adversary. In support of its Summary Judgment Motion, BancorpSouth presented seven (7) exhibits marked as Exhibits "A" through "G." (Adv. Dkt. 11-1 to 11-7).[2]

## Jurisdiction

The Court finds that it has jurisdiction over the parties to and has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Notice of the Summary Judgment Motion was proper under the circumstances.

## Facts[3]

1. On November 13, 2017, the debtor, Matthew S. Avery (the "Debtor"), filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code (the "Code") (Bankr. Dkt. 1).

2. On November 17, 2017, the Court entered the Notice of Chapter 7 Bankruptcy Case—No Proof of Claim Deadline (Bankr. Dkt. 11), providing that the 11 U.S.C. § 341[4] meeting of creditors (the "Meeting of Creditors") would be held at 9:00 a.m. on January 10, 2018.

3. On January 10, 2018, the chapter 7 trustee, Derek A. Henderson, filed the Proceeding Memo and Minutes of the Chapter 7 § 341 Meeting, informing the Court that the Meeting of Creditors had concluded and that there is a "possible asset" in the Bankruptcy Case. (Bankr. Dkt. 18). The Debtor, counsel for the Debtor, and counsel for BancorpSouth attended the Meeting of Creditors.

---

[2] BancorpSouth's exhibits will be referred to as "(B. Ex. A)" (Adv. Dkt. 11-1), "(B. Ex. B)" (Adv. Dkt. 11-2), "(B. Ex. C)" (Adv. Dkt. 11-3), "(B. Ex. D)" (Adv. Dkt. 11-4), "(B. Ex. E)" (Adv. Dkt. 11-5), "(B. Ex. F)" (Adv. Dkt. 11-6), and "(B. Ex. G)" (Adv. Dkt. 11-7).

[3] Pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable to the Adversary by Rule 7052 of the Federal Rules of Bankruptcy Procedure, the following constitutes the findings of fact and conclusions of law of the Court.

[4] Hereinafter, all code sections refer to the Code, unless otherwise noted.

4. On May 15, 2018, BancorpSouth filed the Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523 (the "Complaint"), seeking a judgment declaring the Debtor's debt in the amount of $154,697.68, plus applicable interest at the per diem rate, to be nondischargeable under § 523(a)(2)(A). (Adv. Dkt. 1).

5. On June 13, 2018, the Debtor filed Matthew Avery's Answer and Defenses To: Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 [Dkt #1], asserting (1) that "[t]he Complaint fails to state a claim upon which relief can be granted as to the Debtor[;]" and (2) that the Debtor "reserves and raises all [a]ffirmative [d]efenses available to it." (Adv. Dkt. 9). Additionally, the Debtor "denies all allegations contained in the Complaint and the exhibits to the Complaint" and requests that the Court dismiss the Complaint, "with all costs and attorney's fees assessed against BancorpSouth," and that the Court enter "a judgment in favor of the Debtor for all of the Debtor's damages." (*Id.*)

6. On October 23, 2018, BancorpSouth filed the Summary Judgment Motion, asserting that the Debtor "admitted to the material facts" at the Meeting of Creditors; that "[t]here is no genuine issue of material fact as to whether [the Debtor's] debt to BancorpSouth is nondischargeable under § 523(a)(2)(A)[;]" and that it "is entitled to judgment as a matter of law." (Adv. Dkt. 11). In support of the Summary Judgment Motion, BancorpSouth submitted to the Court the transcript from the Meeting of Creditors taken on January 10, 2018 (the "Meeting of Creditors Transcript") (B. Ex. A); the Commercial Guaranty (the "Commercial Guaranty") (B. Ex. B); the Commercial Pledge Agreement (the "Commercial Pledge Agreement") (B. Ex. C); the Affidavit of Dawn Day (B. Ex. D); the Control Agreement and Acknowledgement of Pledge and Security Interest (B. Ex. E); text messages between Matthew Avery and Andrew Marascalco (B.

Ex. F); the Mutual Funds, Variable Products and Alternative Investments (B. Ex. G); and the BancorpSouth Brief.

7. The Debtor did not file a response to the Summary Judgment Motion.

## Discussion

**A.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure, as made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Courts do not disfavor summary judgment, but, rather, look upon it as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations and quotations omitted). Summary judgment is properly entered when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c)(1)(A); *see also Celotex*, 477 U.S. at 322.

The movant bears the initial burden of proof to specify the basis upon which the Court should grant summary judgment and to identify portions of the record that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1); *see also Celotex*, 477 U.S. at 322. The movant is entitled to the benefit of any relevant presumption under state law to satisfy the initial burden of proof. Once the initial burden is met, the burden of production shifts to the nonmovant who then must rebut the presumption by coming forward with specific facts, supported by the evidence in the record, upon which a reasonable factfinder could find a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Importantly, "conclusory

allegations" or "unsubstantiated assertions" do not meet the nonmovant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Summary judgment should be granted where the nonmovant "has failed to make a sufficient showing on an essential element of [the] case with respect to which [the party] has the burden of proof." *Celotex*, 477 U.S. at 323.

The Court "has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact." *Hall v. Desper (In re Desper)*, Adv. Proc. No. 09-05051-NPO, 2010 WL 653864, at *6 (Bankr. S.D. Miss. Feb 19, 2010); *see also Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 255); *River Region Med. Corp. v. Wright*, No. 3:13-cv-793-DPJ-FKB, slip op. at 4-6 (S.D. Miss. Aug. 5, 2014) (affirming interlocutory order denying summary judgment); *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989). This Court previously has denied summary judgment to allow the parties to develop the facts at trial. *Good Hope Constr., Inc. v. RJB Fin., LLC (In re Grand Soleil-Natchez, LLC)*, No. 12-00013-NPO (Dkt. 437), at *33 (Bankr. S.D. Miss. Aug. 13, 2013).

**B.    Summary Judgment Evidence**

As a preliminary matter, the Court notes that BancorpSouth relies heavily on the Meeting of Creditors Transcript in support of its Summary Judgment Motion. Courts, however, are reluctant to consider testimony obtained outside the safeguards and protections of the discovery rules when ruling on a motion in an adversary proceeding. *See Roberts v. Oliver (In re Oliver)*, 414 B.R. 361 (Bankr. E.D. Tenn. 2009); *In re Enron*, 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002); *Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987). For example, in *Helena Agri-Enterprises, LLC*

*v. Young (In re Young)*, Adv. No. 18-01017-NPO, 2018 WL 6060338 (Bankr. N.D. Miss. Nov. 19, 2018), this Court denied summary judgment where the plaintiff relied primarily on the debtor's Rule 2004 examination testimony to support its motion for summary judgment because the examination did not qualify as a "deposition" taken under Rule 7030 of the Federal Rules of Bankruptcy Procedure ("Rule 7030") that can be used as evidence in an adversary proceeding under Rule 7056(c)(1)(A) of the Federal Rules of Bankruptcy Procedure ("Rule 7056(c)(1)(A)") and because the Court was unable to determine from the record whether there was any prejudice to the debtor.[5]

> Like a Rule 2004 examination, the meeting of creditors is broad in scope. Importantly,
>
> [a] meeting of creditors is not an adversary proceeding. . . . The rules of procedure do not give the debtor the right to discovery from . . . any interested party for the purpose of preparing a defense for the meeting of creditors because there is nothing to defend. The statutes and rules do not make the meeting of creditors into a mere discovery deposition subject to all the procedural rules governing discovery. The debtor does not have a constitutional right to representation by an attorney because the meeting of creditors is not a criminal proceeding.

*Clippard v. Russell (In re Russell)*, 392 B.R. 315, 359 (Bankr. E.D. Tenn. 2008). In other words, the § 341 meeting of creditors "is a fishing expedition allowed, even encouraged, by the statutes and the rules so long as the subject of the questioning relates to the bankruptcy case." *Id.* at 358-59.

In *Stasz v. Gonzalez (In re Stasz)*, Adv. Proc. No. LA06-01481-AA, 2007 WL 7370101, at *4 (B.A.P. 9th Cir. Aug. 9, 2007), the appellants argued that the bankruptcy court improperly

---

[5] In *In re Young*, the Court was unaware of any agreement between the parties that the debtor's Rule 2004 examination testimony could be used instead of a deposition to support the plaintiff's motion for summary judgment. *See In re Young*, 2018 WL 6060338, at *5 n.9. The same is true in the Adversary with respect to the use of the Meeting of Creditors Transcript to support the Summary Judgment Motion.

considered the § 341 meeting transcript as evidence in ruling on the motion for summary judgment. In support of their argument, the appellants cited legislative history noting that "the purpose of the [§ 341] meeting is 'informational; it is not intended to be an interrogation to which the debtor must give specific answers which could be used against the debtor in some later proceeding.'" *Id.* (quoting H.R. REP. NO. 103-835, at 43 (1994)). The bankruptcy appellate panel, however, declined to determine the § 341 meeting transcript's admissibility because other evidence in the record supported the bankruptcy court's findings. *See also In re Hardy*, 319 B.R. 5, 6 (Bankr. M.D. Fla. 2004) (noting that the § 341 meeting of creditors transcript "is a horse of the different color" and questioning its admissibility as substantive evidence).

Here, the Debtor did not respond to the Summary Judgment Motion and, therefore, did not object to BancorpSouth's use of the Meeting of Creditors Transcript in support of its Summary Judgment Motion. Nevertheless, the Court finds that it cannot consider the Meeting of Creditors Transcript for purposes of the Summary Judgment Motion because it does not qualify as a "deposition" taken under Rule 7030 that can be used as evidence in an adversary proceeding under Rule 7056(c)(1)(A) and because the Court is unable to determine from the record whether there was any prejudice to the Debtor.

The primary purpose of the Code is to give a "fresh start" to the "honest but unfortunate debtor." *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). In deciding whether there is no genuine dispute on the merits of BancorpSouth's dischargeability claim, the Court declines to consider the Meeting of Creditors Transcript that is broad in nature and that lacks the safeguards and protections of the discovery rules, absent an agreement between the parties to the contrary that is evident from the

record. The Court next addresses whether BancorpSouth has shown that no genuine dispute exists as to its dischargeability claim without the use of the Meeting of Creditors Transcript.[6]

## C. Dischargeability under § 523(a)(2)(A)

BancorpSouth seeks summary judgment on the dischargeability claim asserted in the Complaint under § 523(a)(2)(A). A bankruptcy court cannot declare a debt nondischargeable until the creditor establishes the existence and amount of that debt. It does not appear that any judgment has been entered against the Debtor for the amount due under the Promissory Note (the "Note") (Adv. Dkt. 1 at 6-7). The Summary Judgment Motion thus involves a two-step process: (1) the establishment of the debt owed BancorpSouth under Mississippi law and (2) a determination of the dischargeability of that debt under bankruptcy law. *See Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478-79 (5th Cir. 2009) (holding that bankruptcy courts have both subject matter jurisdiction and the constitutional authority to liquidate state-law claims as part of the adjudication of any dischargeability issue); *see also Saenz v. Gomez (In re Saenz)*, No. 17-41004, 2018 WL 3746810 (5th Cir. Aug. 7, 2018); *Countrywide Home Loans, Inc. v. Cowin (In re Cowin)*, 492 B.R. 858, 887 (Bankr. S.D. Tex. 2013) (finding that *Stern v. Marshall*, 564 U.S. 462, 479-80 (2011), left intact a bankruptcy court's authority to fully adjudge state-law claims in dischargeability actions).

Ouachita Independent Bank, which recently merged with BancorpSouth, loaned $150,000.00 to AirLock Insulation, LLC ("Airlock"). (B. Ex. D & Adv. Dkt. 1 at 6-7). BancorpSouth secured the loan by the Commercial Guaranty (B. Ex. B) signed by the Debtor and by the Commercial Pledge Agreement (B. Ex. C), which granted to BancorpSouth a security

---

[6] The Court does not suggest that the Meeting of Creditors Transcript may not be admissible at a hearing or trial in the Adversary for another purpose.

interest in the Debtor's investment accounts. The Debtor defaulted under the Note (B. Ex. D) and, as of May 15, 2018, BancorpSouth asserts that Airlock, or the Debtor pursuant to the guaranty, owes BancorpSouth "$154,697.68, which consist[s] of principal in the amount of $146,064.19, accrued interest in the amount of $7,252.49, late charges of $250.00, other charges of $1,131.00, plus reasonable attorneys' fees as provided for by the terms of the Note . . . [and] interest . . . until judgment at the per diem rate of $25.35836632." (Adv. Dkt. 12 at 3).

In support of its claim for attorneys' fees, BancorpSouth points to the provisions in the Note in which the Debtor agreed to "pay [BancorpSouth]'s reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the loan" if BancorpSouth "refers this Note to an attorney for collection, or files suit against the Borrower to collect this Note, or if Borrower files for bankruptcy or other relief from creditors[.]" (Adv. Dkt. 1 at 7). BancorpSouth's attorneys' fees are includable in any judgment to be collected from the Debtor personally, as opposed from the bankruptcy estate, as to any debt deemed nondischargeable. *See Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998) (holding that nondischargeable debt encompasses not only the debt created by fraud by also any award of attorneys' fees). Whether BancorpSouth is entitled to its reasonable attorneys' fees from the bankruptcy estate, however, depends on its status as an oversecured creditor. *See* 11 U.S.C. § 506(b); *Wells Fargo Bank, N.A. v. 804 Congress, L.L.C. (In re 804 Congress, L.L.C.)*, 756 F.3d 368 (5th Cir. 2014).

BancorpSouth has not provided any evidence for the Court to rule on summary judgment regarding its status as an oversecured or undersecured creditor. It is thus premature to examine the reasonableness of the amount of the attorneys' fees requested or to determine the amount to which BancorpSouth is contractually entitled to recover under the Note. The Court does, however,

find that BancorpSouth has established the existence and amount of the debt owed and now will examine the debt's dischargeability under § 523(a)(2)(A).

Section 523(a)(2)(A) provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). There are three (3) independent grounds for nondischargeability listed in § 523(a)(2)(A). BancorpSouth asserts that the Debtor's debt to it is nondischargeable under both the false representation and actual fraud grounds. (Adv. Dkt. 12 at 5). BancorpSouth bears the burden of proving the nondischargeability of the Debtor's debt by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287-88 (1991).

To establish a claim for false representation, a creditor must prove that the debtor's representations were "(1) knowing and fraudulent falsehoods, (2) describing past or current facts, [and] (3) that were relied upon by the other party." *Allison v. Roberts (In re Allison)*, 960 F.2d 481, 483 (5th Cir. 1992). BancorpSouth asserts that the Debtor "falsely and fraudulently represented to BancorpSouth that he would give BancorpSouth the rights and interest in his Investment Accounts." (Adv. Dkt. 12 at 6). The Debtor "signed the Commercial Pledge Agreements promising to convey his rights and interest in the Investment Accounts to BancorpSouth, although he had no intention of conveying these rights and interest to BancorpSouth." (*Id.*) Additionally, the Debtor "fraudulently represented that Marascalco was his 'financial advisor' and that Marascalco was an authorized signer who maintained his Investment

Accounts." (*Id.*)  Finally, BancorpSouth maintains that the Debtor's representations "were about past or current facts and were relied upon by BancorpSouth in making the loan to [the Debtor] and his entities." (*Id.* & B. Ex. D).

With respect to a claim for actual fraud, a creditor must prove that "(1) the debtor committed actual fraud; (2) the debtor obtained money, property, services, or credit by the actual fraud; and (3) the debt arises from the actual fraud." *Mid-South Maint., Inc. v. Burk (In re Burk)*, 583 B.R. 655, 666 (Bankr. N.D. Miss. 2018) (citing *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1587-88 (2016)).  "[A]ctual fraud requires knowledge of the falsity and an intent to deceive." *De La Cruz v. Cohen (In re Cohen)*, 185 B.R. 171, 177 (Bankr. D.N.J. 1994) (ultimately affirmed by *Cohen*, 523 U.S. 213).  "A showing of reckless indifference[, however,] will be sufficient to satisfy the knowledge element." *Id.*  BancorpSouth asserts that the Debtor "committed actual fraud by representing to BancorpSouth that he would convey his rights, interest and control in the Investment Accounts, which he knew was false." (Adv. Dkt. 12 at 7).  To do this, the Debtor "represented to BancorpSouth that Andrew Marascalco was his financial advisor and that he had authority to sign as the securities intermediary of the Investment Accounts." (*Id.*)  BancorpSouth alleges that the Debtor knew that Andrew Marascalco "was not authorized to sign the Control Agreements and was not his financial advisor, yet lied to BancorpSouth so that he could retain control of the funds in the Investment Account and liquidate them at will." (*Id.*)  Indeed, the Debtor "did in fact fraudulently liquidate the funds in the Investment Accounts, without BancorpSouth's knowledge, all while knowing that he had previously granted BancorpSouth a security interest (and control) in these accounts." (*Id.* at 7-8).

BancorpSouth relies exclusively on the Meeting of Creditors Transcript to establish that the Debtor's representations were "knowing and fraudulent falsehoods" and that the Debtor

committed actual fraud by intending to deceive BancorpSouth. Since the Court has declined to consider the Meeting of Creditors Transcript for purposes of the Summary Judgment Motion, the Court finds that a genuine issue of material fact exists as to whether the Debtor made a false representation to BancorpSouth or committed actual fraud.

## Conclusion

The Court finds that a genuine issue of material fact exists as to whether the Debtor made a false representation to BancorpSouth or committed actual fraud. Accordingly, the Court further finds that the Summary Judgment Motion should be denied to allow a further record to be developed at trial. *See Firman*, 684 F.3d at 538; *River Region Med. Corp.*, No. 3:13-cv-793-DPJ-FKB, slip op. at 4-6; *see also Kunin*, 69 F.3d at 62; *Black*, 22 F.3d at 572; *Veillon*, 876 F.2d at 1200.

IT IS, THEREFORE, ORDERED that the Summary Judgment Motion is hereby denied.

##END OF OPINION##